IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEORIA NASH,<br><br>   Plaintiff,<br><br>-vs-<br><br>STATE FARM FIRE AND CASUALTY COMPANY and MARQUITA SIMPKINS, individually, and as mother and next friend of K.J.S., a minor child,<br><br>   Defendants. | Case No. CIV-24-637-F<br><br>(District Court of Oklahoma County,<br> Case No. CJ-2024-1836) |

## **ORDER**

Before the court is Plaintiff's Motion to Remand, filed July 19, 2024 (doc. no. 13). Defendant State Farm Fire and Casualty Company (State Farm) has responded in opposition to the motion, and plaintiff has replied. The motion is fully briefed and ready for determination.

I.

Plaintiff Peoria Nash (Nash) originally commenced this action in the District Court of Oklahoma County, State of Oklahoma. In her petition, Nash alleged that her automobile, which contained numerous items of personal property of significant value, was stolen from her residence by K.J.S., a minor child, on September 16, 2021. Two days later, K.J.S. was involved in an automobile accident while using plaintiff's vehicle in Del City, Oklahoma.

At the time of the accident, the automobile, a 2008 Mercedes ML350, was insured under an automobile insurance policy issued by State Farm. Nash reported

the theft to the Del City Police Department and to State Farm. The company assigned the claim to an adjuster and one of its attorneys. On December 6, 2021, State Farm issued a reservation of rights letter and notified Nash that she was being investigated for material misrepresentation as to the presentation of her claim. Over the next several months plaintiff complied with all terms and conditions of the insurance policy and all reasonable requests by State Farm. On July 6, 2022, State Farm closed plaintiff's claim without payment thereby denying the claim.

Plaintiff has alleged a conversion claim against defendant Marquita Simpkins (Simpkins), individually, and as mother and next friend of K.J.S., and breach of contract and breach of the duty of good faith and fair dealing claims against State Farm.

According to the petition, the claims asserted against Simpkins and State Farm were previously asserted in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2023-3233, which failed otherwise on the merits when it was dismissed without prejudice by Nash. She refiled her claims within one year pursuant to 12 O.S. § 100.

State Farm removed the state court action to this court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Simpkins is, without dispute, non-diverse in citizenship from Nash. Nonetheless, State Farm alleged in its removal notice that removal was proper because the claim against Simpkins was fraudulently misjoined to the action. According to State Farm, the claim against Simpkins is "wholly distinct" from the claims against it. State Farm claimed no reasonable procedural basis exists to join the claims in one action because they do not arise out of the same transaction or occurrence and do not share any common questions of law or fact. State Farm asserted that because the claim against Simpkins was fraudulently misjoined, her non-diverse citizenship may be disregarded, and the court should sever, under Rule

21, Fed. R. Civ. P., the claim against Simpkins from the claims against it and remand the claim against Simpkins to state court.

## II.

The doctrine of fraudulent misjoinder (also known as procedural misjoinder) was first recognized by the Eleventh Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (1996), *abrogated on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), which determined that the claims alleged against one class of defendants were "wholly distinct" from the claims against a second class of defendants and thus insufficient for joinder under Rule 20, Fed. R. Civ. P.  On two occasions, the Tenth Circuit has declined to adopt or reject the fraudulent misjoinder or procedural misjoinder doctrine.  *See*, Parson v. Johnson & Johnson, 749 F.3d 879, 893 (10th Cir. 2014) and Lafalier v. State Farm Fire & Cas. Co., 391 Fed. Appx. 732, 736 (10th Cir. 2010).[1]  As pointed out by plaintiff, this court has previously declined to apply the fraudulent misjoinder doctrine in Nichols v. Medtronic, Inc., Case No. CIV-20-326-F, 2020 WL 3050770, at *4 (W.D. Okla. June 8, 2020) and Trotter v. Smith, Case No. CIV-13-831-F, 2013 WL 12142352, at *2 (W.D. Okla. Oct. 22, 2013).

Upon due consideration of the parties' submissions, the court is not persuaded to change its previous position.  The court declines to apply the fraudulent misjoinder doctrine.

Alternatively, even if the court were to apply the doctrine, the court does not believe that its application is appropriate in this case.  The court is not convinced that the claim against Simpkins has no real connection with the claims against State

---

[1] In its briefing, State Farm asserts that "at least one occasion, the Tenth Circuit has applied a proto-fraudulent misjoinder doctrine to affirm the exercise of diversity jurisdiction over a case that included misjoined parties." Doc. no. 14, ECF pp. 10-11 (citing Updike v. West, 172 F.2d 663, 666 (10th Cir. 1949)).  The court is not inclined to find the Tenth Circuit has adopted the doctrine based on its ruling in Updike.

3

Farm or that the claims against the defendants are wholly distinct. There is no dispute that the alleged theft and destruction of plaintiff's property gave rise to plaintiff seeking coverage under her automobile insurance policy with State Farm. The court agrees with Nash that the conversion claim against Simpkins and the breach of contract claim against State Farm share common questions of fact regarding the alleged theft and destruction of property and damages. Therefore, the court concludes that the claims against defendants were properly joined by Nash.

### III.

In light of the foregoing analysis, the court concludes that Simpkins' citizenship must be considered. Because diversity jurisdiction is lacking with the joinder of the claim against Simpkins, the court concludes that State Farm's removal of the action was improper. Consequently, the court concludes that this action must be remanded to the District Court of Oklahoma County, State of Oklahoma, pursuant to 28 U.S.C. § 1447(c).

### IV.

Plaintiff requests an award of attorney fees and costs arising from the improper removal. Under the removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Based the case authority cited and allegations made in its removal notice and the case authority cited and arguments posited in its response brief, the court cannot conclude that State Farm did not have an objectively reasonable basis for removal of the action. The court therefore finds that an award of reasonable attorney fees under § 1447(c) is not appropriate and plaintiff's request should be denied.

V.

Accordingly, Plaintiff's Motion to Remand, filed July 19, 2024 (doc. no. 13), is **GRANTED**. Plaintiff's request for reasonable attorney fees under 28 U.S.C. § 1447(c) is **DENIED**.

This action is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED this 26th day of August, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0637p001 REV_.docx